UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff, | )<br>)<br>) |
| v. | )    Misc. No. 05-251 (HHK) |
| DANIEL J. WILLIAMS, JR.,<br>        Defendant. | )<br>)<br>) |
| GMAC,<br>        Intervenor. | )<br>)<br>) |

**STIPULATION OF SETTLEMENT AND DISMISSAL**

This Stipulation of Settlement ("Stipulation") is hereby entered into by and between the United States of America and GMAC Mortgage Corporation ("GMAC") ("the Parties").

WHEREAS, by Deed dated May 18, 2000 and recorded in the Land Record Office for Prince George's County, Maryland in Liber 13875 at Folio 588, Daniel J. Williams, Jr. ("Williams") took title to real property commonly known as 2000 Debra Lynn Court, Accokeek, Maryland 20607 ("the Property") and legally described as:

> LOT NUMBERED FIVE (5) IN BLOCK LETTERED "H" IN THE SUBDIVISION KNOWN AS "PLAT FIVE, SIMMONS ACRES", AS PER PLAT THEREOF RECORDED IN PLAT BOOK NLP 133 AT PLAT 20 AMONG THE LAND RECORDS OF PRINCE GEORGE'S COUNTY, MARYLAND BEING IN THE 5TH ELECTION DISTRICT OF SAID COUNTY;

WHEREAS, on July 26, 2001, Williams executed a Promissory Note payable to RBMG, Inc. in the amount of Two Hundred and Twenty Five Thousand Eight Hundred and Thirty Seven Dollars ($225,837.00);

WHEREAS, the promissory note was secured by a refinance Deed of Trust of even date granted to the Trustees named therein for the benefit of Mortgage Electronic Registration

Systems, Inc. ("MERS") solely as nominee for RBMG, Inc., Lender therein;

WHEREAS, this Deed of Trust is recorded in the Land Record Office for Prince George's County, Maryland in Liber 14877 at Folio 369 and is secured by the Property;

WHEREAS, GMAC is the present holder of the Note and beneficiary under the terms of the Deed of Trust by and through MERS, its nominee, and the original Trustee(s) and/or any Substituted Trustee to the Deed of Trust;[1]

WHEREAS, on September 17, 2004, the United States filed a criminal case against Williams in a collateral matter, United States of America v. Daniel Williams, in the United States District Court for the District of Columbia, Criminal Case No. 04-0418 (HHK), and on April 12, 2005 this Court entered a Final Order of Forfeiture vesting exclusive title to the Property in the United States, free and clear of all liens;

WHEREAS, on April 22, 2005, the Plaintiff recorded a Notice of Lien for Fine and/ Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 in the Circuit Court for Prince George's County, Maryland at Book 05, Page 048;

WHEREAS, on June 29, 2005, GMAC filed a Petition to vacate the Final Order of Forfeiture, alleging that the United States of America failed to provide GMAC notice of the forfeiture proceeding and an opportunity to protect its security interest in the Property; and

WHEREAS, United States of America and GMAC have agreed to resolve the issues raised in GMAC's Petition without further litigation, expense or delay;

NOW THEREFORE, in consideration of mutual promises and undertakings hereinafter

---

[1] Hereinafter, GMAC, MERS, and the Trustee(s) and/or Substituted Trustee(s) shall collectively be referred to as "GMAC."

contained, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereto stipulate and agree as follows:

1. <u>The United States' Undertakings:</u>

   a. <u>Recognition of GMAC's Lien</u> – The United States recognizes that GMAC has a valid first priority lien secured against the Property and further recognizes GMAC as an innocent lien holder. Accordingly, the United States agrees to pay GMAC the pay off amount of the lien ("the Lien Pay-Off Amount") upon settlement of the sale of the Property by the United States in accordance with the above-referenced Final Order of Forfeiture; and

   b. <u>The Lien Pay Off Amount</u> – Based on the representations and warranties of GMAC, the United States agrees that the Lien Pay Off Amount is <u>$244,135.54</u> (good to December 31, 2005), which amount includes all monies owed to GMAC, including damages and fees; and is in full satisfaction of all of GMAC's monetary claims against the Property and any legal or equitable relief sought by GMAC against the United States prior to and including the date the parties sign this Stipulation. The United States acknowledges that if not paid by December 31, 2005, the Lien Payoff Amount will increase for charges permitted under the terms of GMAC's Note and Deed of Trust and agrees that if GMAC's lien is not satisfied within 120 days of this Order, GMAC may foreclose said lien provided notice of foreclosure and sale is sent to undersigned counsel for the United States.

   c. <u>No Admission of Wrongdoing</u> – Nothing in this Stipulation shall be construed as an admission of any violations of law, rule or regulation, or of any wrongdoing whatsoever by the United States of America.

2. <u>GMAC's Undertakings:</u>

    a. <u>Dismissal of Instant Case (05-251)</u> – By the signing of this Stipulation, GMAC agrees to dismissal of Miscellaneous Case 05-251(HHK), with prejudice, including the Petition to Strike the Final Order of Forfeiture filed as Miscellaneous Case 05-251(HHK); and

    b. <u>Release of Lien</u> – Upon receipt of payment in satisfaction of its lien, GMAC agrees to execute all documents necessary to release its lien against the Property and to provide such documents to counsel for the United States or to the United States Marshal's Service and to record same documents in the County land record office.

    c. <u>Release of Claims</u> – GMAC, its successors and assigns, hereby irrevocably and unconditionally releases, waives and forever discharges the United States of America, and all other Federal agencies and their respective employees and agents, from any and all claims, attorney fees, demands or causes of action that GMAC has asserted, or could have asserted, against the United States, or other Federal agencies or their employees or agents, based on the facts underlying the forfeiture and/or the disposition of the Property.

3. <u>Signing Authorities:</u> The Parties to this Stipulation represent that, in entering into and executing this Stipulation: (1) they have been given a reasonable period of time within which to consider the terms and conditions hereof; (2) they enter into this Stipulation voluntarily, with full knowledge of its significance, effects and consequences, and without duress, threat, coercion, intimidation, promise or inducement other than the terms and conditions set forth herein; and (3) the signatories for GMAC and the United States are authorized to execute this Stipulation and have full authority to bind that Party represented.

4. <u>Stipulation Constitutes Full Understanding:</u> The Parties hereto acknowledge that this

Stipulation sets forth their full and complete understanding with regard to the resolution of the above-captioned judicial action and the claims raised therein. By executing this Stipulation, the Parties further knowledge that they each understand its terms; that such terms are acceptable to each; that there are no additional obligations, either written or oral, to be performed by any Party beyond those set forth herein; that such terms are final and binding as to all claims that have been brought or could have been advanced on behalf of GMAC against the United States of America or in relation to the Property.

5. <u>Execution of Stipulation:</u> Execution of this Stipulation by United States of America and GMAC and the filing of this Stipulation with the Court shall constitute a dismissal with prejudice of the Petition to Strike the Final Order of Forfeiture pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, and Miscellaneous Case 05-251, except that the Court shall have jurisdiction to reinstate this action on motion of either Party to resolve a claim of noncompliance with the terms of this Stipulation.

\*

\*

\*

\*

\*

\*

\*

\*

WHEREFORE, the parties hereto, intending to be legally bound, through their respective

counsel of record, have stipulated and agreed to the foregoing.

    Respectfully submitted,

_____
MARTIN GOLDBERG; Bar #460159
THE FISHER LAW GROUP, PLLC
9440 Pennsylvania Avenue
Upper Marlboro, Maryland 20772
(301) 559-7700
Attorneys for GMAC Mortgage Corp.

_____
KENNETH L. WAINSTEIN; Bar #451058
UNITED STATES ATTORNEY

_____
WILLIAM R. COWDEN; Bar #426301
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, NW, Room 4824
Washington, D.C. 20530
(202) 307-0258


SO ORDERED this _____ day of _____, 2005.


_____
HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE